FEDERAL DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TAKIA COE,

      Plaintiff,

v.                                             Case No.:

HOUSING AUTHORITY OF THE CITY
OF MILWAUKEE,

      Defendant.

---

## NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE that the defendant, Housing Authority of the City of Milwaukee (HACM), by its attorneys, Piper & Schmidt, hereby removes Milwaukee County Circuit Court Case No. 13-CV-011639, captioned *Takia Coe v. Housing Authority of the City of Milwaukee*, from the Milwaukee County Circuit Court to the United States District Court for the Eastern District of Wisconsin. The grounds for removal are:

1. This action was commenced on December 23, 2013. The Complaint asserts a federal civil rights claim against the defendant under the United States Constitution by way of 42 U.S.C. § 1983 and a state law certiorari claim for review of an administrative decision. The plaintiff alleges that she was unlawfully terminated from the federally funded Section 8 rent assistance program.

2. This Court has original jurisdiction over these claims under 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over the plaintiff's state law claim under 28 U.S.C. § 1367. Venue is properly before this Court because the City of Milwaukee, where this claim arose, is in the Eastern District of Wisconsin.

3. Defendant seeks removal pursuant to 28 U.S.C. § 1441 on the grounds that this Court has original jurisdiction over plaintiff's federal civil rights claim and supplemental jurisdiction over any other claim.

4. A copy of the Summons and Complaint is attached to this Notice of Removal.

Dated this 10th day of January, 2014.

PIPER & SCHMIDT
Attorneys for Housing Authority of the
City of Milwaukee

BY *(signature)*
JOSEPH M. WIRTH
State Bar No.: 1012080
MATTHEW L. GRANITZ
State Bar No.: 1059480

POST OFFICE ADDRESS:
Fourth Floor - Jackson Building
732 North Jackson Street
Milwaukee, WI 53202-4709
Telephone: (414) 225-4060
Facsimile: (414) 271-6196

Email: jmw@piperschmidt.com
mlg@piperschmidt.com

2

| STATE OF WISCONSIN | : | CIRCUIT COURT<br>CIVIL DIVISION | : | MILWAUKEE COUNTY<br>13CV011639 |

TAKIA COE,
6115 West Lapham Street
West Allis, WI 53214,

    Plaintiff,

-vs-

HOUSING AUTHORITY OF
THE CITY OF MILWAUKEE,
809 N Broadway
Milwaukee, WI 53202

    Defendant,

**SUMMONS**

Case No.
Code No. 30607 & 30704

HON. DAVID A. HANSHER, BR. 42
CIVIL A

*[Stamp: 2013 DEC 23 PM 2:21 HOUSING AUTHORITY CITY OF MILWAUKEE RECEIVED]*

---

THE STATE OF WISCONSIN, to Each Person Named Above as Defendant:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the basis and nature of the legal action.

Within 20 days after receiving this Summons you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or discharge an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is 901 North 9th Street, Milwaukee, WI 53233, and to ERIKA JACOBS PETTY, of Legal Action of Wisconsin, Inc., the plaintiff's attorney, whose address is 230 West Wells Street, Room 800, Milwaukee, WI 53203. You may have an attorney help or represent you.

If you do not provide a proper Answer within 20 days, the Court may grant

judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated December 23, 2013.

LEGAL ACTION OF WISCONSIN

By: *[signature]*
ERIKA JACOBS PETTY
SBN: 1059488

P.O. ADDRESS:

LEGAL ACTION OF WISCONSIN, INC.
230 W. Wells Street, Room 800
Milwaukee, WI 53203
Tel: 414-278-7722 x. 3008
Fax: 414-278-7126
E-mail: ejp@legalaction.org

| STATE OF WISCONSIN | : | CIRCUIT COURT | : | MILWAUKEE COUNTY |
|---|---|---|---|---|
| | | CIVIL DIVISION | | 13CV011639 |

TAKIA COE
6115 West Lapham Street
West Allis, WI 53214,

        Plaintiff,

-vs-

HOUSING AUTHORITY OF
THE CITY OF MILWAUKEE,
809 North Broadway
Milwaukee, WI 53202,

        Defendant.

**COMPLAINT**

Case No.

Code No. 30607 & 30704

---

The plaintiff, TAKIA COE, by her attorney, ERIKA JACOBS PETTY, of LEGAL ACTION OF WISCONSIN, complains against the defendant, Housing Authority of the City of Milwaukee (herein, HACM), and states to the Court as follows:

## PRELIMINARY STATEMENT

1. This is an action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 on behalf of the plaintiff, Takia Coe. Takia Coe alleges that the defendant, the Housing Authority of the City of Milwaukee, its agents and employees, have terminated her federal Section Eight Housing Choice Voucher Program benefits, in violation of the United States Constitution and laws, specifically the United States Housing Act of 1937, as amended, 42 U.S.C. §1437, *et seq*, 3544, and the implementing regulations, (24 CFR Part 982). The deprivation of the plaintiff's rights protected by the constitution and laws was by the defendant, individually, and through its agents and employees, acting under color of state law, and pursuant to the defendant's policies or as agents with final decision making authority in terminating the plaintiff's federal Section Eight Housing Choice Voucher benefits.

2. The plaintiff also is entitled to relief by common law certiorari, or in the alternative, by section 68.13 of the Wisconsin Statutes for review and reversal of the decision by the defendant to terminate the plaintiff's federal Section Eight Housing Choice Voucher Program benefits.

## JURISDICTION

3. This action and relief sought are authorized by 42 U.S.C. §§1983 and 1988; the United States Housing Act of 1937, as amended, 42 U.S.C. §1437, *et seq.*, and the implementing regulations, 24 CFR Part 982. The claim for relief by certiorari may be brought by Summons and Complaint pursuant to Wis. Stat. §§ 781.01 and 801.02.

## PARTIES

4. The plaintiff, Takia Coe, is an adult resident of Milwaukee County, in the State of Wisconsin.

5. The defendant, HACM, is and has been at all times relevant, a public body, corporate and politic, organized pursuant to Sec. 66.1201, Wis. Stats., for the purpose of operating a low-income housing program under the United States Housing Act of 1937, codified at 42 U.S.C. Sec. 1437 et seq., and governed by the regulations of the United States Department of Housing and Urban Development (HUD), including, 24 C.F.R. Part 982. In addition, HACM must comply with various HUD handbooks and Wisconsin law.

## BACKGROUND ON SECTION EIGHT HOUSING

6. Congress enacted the United States Housing Act of 1937, (herein, Act), to remedy "the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of low income ...." 42 U.S.C. §1437. In 1974, Congress enacted Section Eight as the primary vehicle for the federal government's efforts to provide an adequate supply of low-income housing. 42 U.S.C. §

1437f, as amended. "Section Eight" refers to Section Eight of the revised Act. One of the Section Eight programs is known as the Housing Choice Voucher Program, (commonly known as "rent assistance"). The Housing Choice Voucher Program is generally administered by state or local entities known as public housing agencies (PHAs). HUD provides housing assistance funds to the PHAs as well as funding for administration of the programs. The family with a voucher pays a reduced rent and may rent a unit anywhere in the United States in the jurisdiction of a PHA that runs a voucher program. See, 24 CFR § 982.1.

7. The defendant administers, and did administer, at all times material, a Section 8 program, known as the Rent Assistance Program (herein, Program), with funding from HUD under the above-described Section Eight Housing Choice Voucher Program.

8. The defendants are, and were, at all times material, subject to the Act, 42 U.S.C. §1437, as amended, and to HUD regulations and policy.

## BACKGROUND ON PARTIES

9. A prior attempt to terminate the plaintiff from the Program occurred in September 2010 for the same grounds that are alleged in the present action. The decision to uphold the termination was appealed by the plaintiff and resulted in a remand by the United States District Court for the Eastern District of Wisconsin.

## FACTUAL ALLEGATIONS

10. The plaintiff was admitted into the Rent Assistance Program (herein, Program) over ten years ago.

11. On or about July 10, 2012 the plaintiff was issued a Notice Regarding Continued Eligibility. The Notice alleges that the plaintiff failed to report all of her household income in a timely manner, and that the plaintiff has unauthorized household members living in her unit at 2126 W. Keefe Avenue.

12. The plaintiff, by her attorneys, requested an Informal Review Hearing to challenge these allegations, and hearings were held on or about December 10, 2012 and on or about January 11, 2013.

13. After the conclusion of the hearings, the parties agreed to a briefing schedule which concluded in April 2013.

14. Seven months later, a written decision dated November 19, 2013 was issued by the hearing officer. The decision upheld the proposed termination of the plaintiff, making findings that the plaintiff failed to timely report a portion of her income from one employer under the 15 day reporting rule, and that she committed fraud by failing to report changes in her family composition.

15. The hearing officer failed to base his decision on grounds contained in the July 10, 2012 Notice of Continued Eligibility.

16. The grounds for termination alleged by the defendant are not permitted by federal law.

17. During the two informal review hearings held in December 2012 and in January 2013, Program staff provided false testimony relating to its income and household reporting rules.

18. At the December 2012 and January 2013 informal review hearings, the defendant failed to present any evidence that it had been adversely affected by the alleged unreported household members.

19. During her testimony at the two informal review hearings held in December 2012 and in January 2013, Jaclyn Loberg, a Program staff member, lied about when she created a case note describing her account of an April 19, 2010 meeting that took place with the plaintiff.

20. Upon information and belief, Ms. Loberg falsified documentation, including backdating when a document was created or when it was altered.

## FIRST CLAIM FOR RELIEF – DEPRIVATION OF FEDERALLY PROTECTED RIGHTS

21. The plaintiff repeats and realleges all of the above as if fully stated herein.

22. HACM is a "person" within the meaning of 42 U.S.C. § 1983.

23. HACM and its agents and employees acted under color of law, custom, or usage, within the meaning of 42 U.S.C. §1983, when it terminated the plaintiff from the Program on November 19, 2013 on grounds not permitted by federal law.

24. Upon information and belief, HACM has policies for terminating participants from the Housing Choice Voucher Program on grounds that are not permitted by federal law. Specifically, HACM has at least two different and inconsistent rules for reporting income which are not permitted by federal law to be a ground for terminating a participant. HACM's policies violate rights protected by federal law in the scope of HACM's reporting policy, the timing of income reporting pursuant to its policy, and the consequences of violating HACM's policy.

5

25. Upon information and belief, HACM has a custom of basing decisions to terminate participation in the Program on grounds permitted by federal law, but not contained in the notice advising participants of the specific grounds for any proposed adverse Program action.

26. HACM terminated Ms. Coe's participation in the Program on or about November 19, 2013 without due process of law, in violation of the 14th Amendment of the United States Constitution, 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.552 and 982.555 in the following ways:

(a) using a ground not permitted by federal law to be a ground for termination of participation;

(b) using a ground, alleged failure to report change in the household composition, not contained in the notice of specific grounds for adverse action.

## SECOND CLAIM FOR RELIEF – CERTIORARI

27. The plaintiff repeats and realleges all of the above as if fully stated herein.

28. In its November 19, 2013 Decision, HACM relied on grounds not cited in its April 10, 2013 Notice Regarding Continued Eligibility. 24 C.F.R. § 982.555(c)&(e).

29. HACM acted contrary to law and outside of its authority by relying on grounds not permitted by federal regulation and policy, specifically but not limited to termination for failure to comply with income reporting rules.

30. HACM acted contrary to law and outside of its authority when it issued its written decision seven months after the last brief was filed in April 2013. 24. C.F.R. § 982.555(e)(6).

6

31. There is insufficient evidence in the record to support HACM's determination that Ms. Coe fraudulently failed to report changes in her household composition.

32. There is insufficient evidence in the record to support HACM's determination that Ms. Coe allowed a family to reside with her for five months, or that her boyfriend at the time resided in her home.

33. HACM failed to consider the plaintiff's mitigating circumstances when determining whether to terminate her from the Program. 24 C.F.R. § 982.552(c)(2).

34. Plaintiff seeks reversal of the defendant's decision because: 1) the decision was arbitrary, oppressive, and unreasonable, representing its will instead of its judgment; 2) the defendant acted outside its jurisdiction; 3) the defendant proceeded on an incorrect theory and interpretation of relevant law in making its decision; and 4) the denial was unreasonable based on the evidence presented.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Court enter judgment:

A. Reversing the defendant's administrative determination and declaring the plaintiff to be eligible to participate in the defendant's Rent Assistance program;

B. An Order enjoining the defendant from terminating participants on grounds not permitted by federal law.

C. An Order enjoining the defendant from basing decisions to terminate participants on grounds not cited in Notices of Continued Eligibility;

D. For her costs and disbursements of this action, including attorney fees pursuant to 42 U.S.C. §1988; and

E. For such relief as shall be just.

Dated this 23rd day of December, 2013

Erika Jacobs Petty
Attorney for the Plaintiff
SBN: 1059488

P.O. ADDRESS:

230 W. Wells Street
Room 800
Milwaukee, WI 53203
Tel: 414-278-7722
Fax: 414-278-7126
E-mail: ejp@legalaction.org